**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**UNITED STATES of AMERICA**

v.                                                                          Criminal No. 2:95cr198-7

**LOVE DEXTER,**

       **Defendant.**

## OPINION & ORDER

This matter is before the Court on a letter from pro se Defendant dated June 2, 2006. Defendant argues that the Court was without authority to impose a further term of supervised release after revoking his prior term of supervised release, that Defendant should receive credit towards his pending term of supervised release for his prior time on supervised release, and requests that the Court modify the conditions of Defendant's supervised release to allow him to drive to and from his place of employment immediately upon his release from imprisonment.

The Court hereby **CONSTRUES** Defendant's letter as a motion to reconsider the imposition and duration of Defendant's pending term of supervised release, as set forth in the Court's January 17, 2006, Order (Doc. 284), and to modify the conditions of Defendant's supervised release.

### I. Procedural History[1]

On February 21, 1996, Defendant pled guilty to conspiracy to distribute and possess with

---

[1] This history does not reflect Defendant's complete procedural history, but only those events relevant to the present letter.

intent to distribute five (5) kilograms or more of cocaine and fifty (50) grams or more of cocaine base, from around January 1991 until December 15, 1995, in violation of 21 U.S.C. § 846. Doc. 98. The Court sentenced Defendant to two hundred ten (210) months' imprisonment and five (5) years' supervised release, and entered its judgment on June 25, 1996. Doc. 127. On March 17, 1997, the Court amended its judgment to reduce Defendant's sentence to one hundred and eighty-five (185) months' imprisonment and five (5) years' supervised release, to run concurrently with Defendant's state sentence in Delaware. Doc. 192. Upon motion by the United States, on June 30, 1998, the Court further reduced Defendant's sentence to ninety (90) months' imprisonment and five (5) years' supervised release. Doc. 226.

Defendant's initial term of supervised release began on November 15, 2002. After a hearing on March 10, 2005, the Court found Defendant to be in violation of the conditions of his supervised release and ordered that it be revoked. Doc. 264. The Court sentenced Defendant to four (4) days' imprisonment and fifty-nine (59) months' supervised release. Id. The Court imposed the same conditions of supervised release as were originally imposed and added several additional conditions. Id. Of the additional conditions, pertinent to Defendant's present letter was the condition that Defendant could not operate any form of motor vehicle for one year, regardless of whether he had an operator's licence from the Commonwealth of Virginia or any other State; and for the balance of his term of supervised release, Defendant could operate a motor vehicle only if he possessed a valid operator's permit or license. Id.

Defendant's second period of supervised release began on March 13, 2005. On October 27, 2005, Defendant's probation officer filed a Petition on Supervised Release alleging the following violations: (1) commission of a crime (assault and battery—second offense); (2)

2

commission of a crime (assault and threaten to kill or injure); (3) failure to abide by special condition prohibiting operating a motor vehicle for one year; (4) failure to pay the cost of home imprisonment/electronic monitoring; (5) failure to submit monthly reports as required; (6) failure to follow the instructions of the probation officer by not obeying all laws; and (7) failure to notify the probation officer within 72 hours of contact with law enforcement. Defendant admitted to alleged violations (1), (2), (3), (5) and (6), and Defendant's probation officer testified concerning alleged violation (7). See Doc. 284.

On January 5, 2006, the Court found Defendant in violation of the conditions of his supervised release. See id. The Court accepted the factual content of the petition, except as it related to alleged violation (4), the failure to pay the costs of electronic monitoring. Id. The Court sentenced Defendant to a term of twelve (12) months and twenty-six (26) days' imprisonment. Id. The Court imposed further supervised release for a term of forty-seven (47) months. Id. The Court imposed the same conditions of supervised release as were imposed on Defendant during his prior period of supervised release, except that the condition prohibiting the use of any motor vehicle under for the first year of his supervised release was extended to apply to the first twenty-four (24) months of his supervised release, after which time Defendant may operate a motor vehicle only if he possesses a valid operator's permit or license. Id. Defendant is currently serving his term of imprisonment for this second revocation.

## II. Defendant's Letter

Defendant's letter dated June 2, 2006, puts three issues before the Court. First, Defendant challenges the Court's authority to impose a further term of supervised release after revoking his prior term of supervised release. Second, Defendant requests that he receive credit

towards his pending term of supervised release for his prior time on supervised release. Third, Defendant asks the Court to modify the conditions of his supervised release to allow him to drive to and from his place of employment immediately upon his release from imprisonment.

### III. Discussion

#### A. Authority of the Court to Order Further Supervised Release

Revocation of supervised release, and imprisonment for violating the conditions of supervised release, are treated as penalties for the underlying offense of conviction, not for the acts in violation of the conditions of supervised release. Johnson v. United States, 529 U.S. 694, 700-01 (2000) (attributing "postrevocation penalties to the original conviction"). Therefore, revocation and subsequent imprisonment are to be imposed according to the statutory scheme in effect at the time of a defendant's offenses, "[a]bsent a clear statement of [Congressional] intent" to "give retroactive effect" to subsequent legislation. Id. at 701. If Congressional intent to retroactively apply subsequent legislation is clear, then retroactive application must also satisfy the Ex Post Facto Clause of the Constitution. Id.

Title 18, United States Code, Section 3583(h) provides for the imposition of a further term of supervised release after revocation. As codified when Defendant's conspiracy ended in 1995, § 3583(h) allowed for the re-imposition of supervised release when the defendant did not receive the maximum term of imprisonment upon revocation:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h) (1995) (emphasis added).  On April 30, 2003, the above-underlined text was deleted, expressly allowing courts to impose further terms of supervised release upon defendants sentenced to the maximum term of imprisonment following revocation.  Pub. L. 108-21 § 101(2), 117 Stat. 650, 651 (2003).  The 2003 law, however, contains no clear statement of Congressional intent to retroactively apply this amendment to 18 U.S.C. § 3583(h).  Compare id. § 101(2), 117 Stat. at 651 (no mention of an effective date or retroactive application for the section amending § 3583(h)), with id. § 401(l), 117 Stat. at 675 (providing an effective date for a different section of the same act).  The 1995 version of 18 U.S.C. § 3583(h) therefore applies to Defendant.

The Court's imposition of further supervised release in January 2006 was proper.  A conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine and fifty (50) grams or more of cocaine base is a Class A felony.  See 21 U.S.C. §§ 846 & 841(b)(1)(A) (1995); and 18 U.S.C. § 3559(a)(1) (1995).  The statutory maximum term of imprisonment to which the Court could have sentenced Defendant was fifty-nine (59) months and twenty-six (26) days', which was the sixty (60) month statutory maximum, less the four (4) days' imprisonment imposed on Defendant's first revocation.  See 18 U.S.C. § 3583(e)(3) (1995) & Doc. 264.  The Court sentenced Defendant to twelve (12) months and twenty-six (26) days' imprisonment.  Doc. 284.  As this term of imprisonment was less than the maximum period of imprisonment authorized by statute, the imposition of a further term of supervised release was not precluded by 18 U.S.C. § 3583(h) (1995).  The Court therefore **DENIES** Defendant's request to reconsider the imposition of a further term of supervised release.

### B.  Credit for Time on Supervised Release

Defendant is not entitled to credit for the time that he has already been on supervised release. While the maximum term of further supervised release is reduced by the aggregate amount of time that a defendant has been and will be imprisoned for violating the conditions of his supervised release, a defendant is receives no credit for time served on supervised release. See 18 U.S.C. § 3583(h) (1995) (maximum term of further supervised release is the term authorized by statute, "less any term of imprisonment that was imposed upon revocation of supervised release."); and United States v. Maxwell, 285 F.3d 336, 341 (4th Cir. 2002) (holding that "any term of imprisonment" under 18 U.S.C. § 3583(h) means the aggregate of all prior terms of imprisonment imposed upon revocation). The Court therefore **DENIES** Defendant's request to reconsider the duration of Defendant's pending term of supervised release.

### C. Request for Modification

Upon Defendant's release from imprisonment, his will be prohibited from using a motor vehicle under any circumstances for the first twenty-four (24) months of his supervised release. Doc. 284. After twenty-four (24) months have passed, Defendant may operate a motor vehicle only if he holds a valid operator's permit or license for the balance of his term of supervised release. Id. Defendant requests that Court modify the conditions of his supervised release to allow him to operate a motor vehicle two and from work upon his release from imprisonment.

The Court declines to grant Defendant's request. Prior to Defendant's second revocation, he was given an opportunity to drive for the balance of his supervised release, if he refrained from driving for one year. See Doc. 264. Defendant, however, admitted to violating this condition during his prior term of supervised release. See Doc. 284. Because of this prior violation of a driving condition, and because of Defendant's failure to comply with several

conditions of his supervised release on past occasions, the Court **DENIES** Defendant's request to allow him to drive to and from his place of employment upon release.

### IV. Conclusion

The Clerk is **REQUESTED** to file Defendant's June 2, 2006, letter as a motion to reconsider and to modify the conditions of Defendant's supervised release.

For the reasons stated herein, Defendant's requests to reconsider the imposition and duration of Defendant's pending term of supervised release, and his request to modify the conditions of his supervised release, are **DENIED**.

The Clerk is further **REQUESTED** to mail a copy of this Opinion and Order to Defendant, Defendant's Probation Officer, Defendant's counsel of record, and counsel of record for the United States.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
UNITED STATES SENIOR DISTRICT JUDGE

Norfolk, Virginia
October 17, 2006